[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13765

Non-Argument Calendar

_____

WARBIRD ADVENTURES, INC.,

Petitioner,

*versus*

FEDERAL AVIATION ADMINISTRATION,

Respondent.

_____

Petition for Review of a Decision of the
Federal Aviation Administration
Agency No. FAA 2020-0534

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Warbird Adventures, Inc. (Warbird) petitions for review of a Federal Aviation Administration (FAA) decision finding that, by providing flight instruction in a "limited category civil aircraft," it violated the prohibition against operating such an aircraft "carrying persons or property for compensation for hire," contained in 14 C.F.R. § 91.315 and ordering it to pay a civil penalty. After careful review, we deny the petition.

## I.

The following material facts are not disputed. Thom Richard owns and operates Warbird, a flight school in central Florida. Warbird provides flight instruction in vintage aircraft classified as Limited Category aircraft. On January 31, 2020, Warbird operated one of its Limited Category aircraft with Ray Allain on board. Allain paid Warbird for flight instruction.

The FAA issued a Cease and Desist Order to Warbird to stop flight instruction in Limited Category aircraft[1] and instituted an

---

[1] Once affirmed by the FAA, Warbird appealed the Cease and Desist order to the U.S. Court of Appeals for the District of Columbia. In an unpublished opinion, the D.C. Circuit denied Warbird's petition and addressed the argument that flight instruction was not carrying under the regulation very briefly:

> Warbird argues that § 91.315 does not prohibit paid flight training. We disagree. A flight student is a "person." When a student is learning to fly in an airplane, the student is

administrative enforcement action for violating 14 C.F.R. § 91.315. As to the administrative enforcement action, Warbird and the FAA cross-motioned for summary judgment with Warbird arguing that the prohibition on "carrying persons" under § 91.315 does not cover flight instruction. The ALJ held that "carrying" under the regulation is a broad term that includes flight instruction and found Warbird violated the regulation. The ALJ assessed a civil penalty of $2,500.

Both parties appealed the ALJ's decision. The Federal Aviation Administrator affirmed the finding of the violation but modified the civil penalty by increasing it to $5,500. Warbird now seeks review of the Administrator's decision.

## II.

We have statutory authority to "affirm, amend, modify, or set aside any part" of the Administrator's order. 49 U.S.C. § 46110(c). But our standard of review is deferential; "we will uphold the agency's decision unless it is arbitrary and capricious, an abuse of discretion, or otherwise contrary to law." *Aerial Banners, Inc. v. FAA*, 547 F.3d 1257, 1260 (11th Cir. 2008) (per curiam); *see* 5 U.S.C. § 706(2). Thus, "we will set aside the FAA's order on substantive grounds only if the agency relied on improper factors,

---

"carr[ied]." And when the student is paying for the instruction, the student is being carried "for compensation."

*Warbird Adventures, Inc. v. Fed. Aviation Admin.*, 843 F. App'x 331, 332 (D.C. Cir. 2021) (per curiam) (internal citations omitted).

failed to consider important relevant factors, or committed a clear error of judgment that lacks a rational connection between the facts found and the choice made." *Aerial Banners, Inc.*, 547 F.3d at 1260 (internal quotation marks omitted). And the Administrator's findings of fact "are conclusive" if supported by substantial evidence. 49 U.S.C. § 46110(c).

## III.

In its petition, Warbird challenges the Administrator's decision finding that "carry" under 14 C.F.R. § 91.315 includes flight instruction. Specifically, Warbird argues that "carrying persons . . . for compensation or hire" in 14 C.F.R. § 91.315 does not include flight instruction. Because Warbird provided flight instruction to students, it could not have violated 14 C.F.R. § 91.315.

When interpreting an unambiguous regulation, "[t]he regulation . . . just means what it means—and the court must give it effect, as the court would any law." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019) (majority). "[T]he possibility of deference [to an agency] can arise only if a regulation is genuinely ambiguous." *Id.* at 2414. "[I]f the regulation satisfies the 'genuinely ambiguous' requirement, the agency reading must be 'reasonable.'" *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1179 (11th Cir. 2021) (quoting *Kisor*, 139 S. Ct. at 2415). Then, "a court must make an independent inquiry into whether the character and context of the agency interpretation entitles it to controlling weight." *Kisor*, 139 S. Ct. at 2416.

The regulation at issue states that "[n]o person may operate a limited category civil aircraft carrying persons or property for compensation or hire." 14 C.F.R. § 91.315.

Warbird argues that the regulation is unambiguous and that the ordinary definition of "carry" does not include flight instruction. Warbird argues that even if the regulation is ambiguous, then we should not rely on the FAA's interpretation because it is inconsistent with the regulation.

We agree with Warbird that the regulation is unambiguous, but we do not agree that "carry" does not include flight instruction. Like the Administrator and the ALJ, we find that "carry" has a broad meaning and includes flight instruction.

The FAA has not defined "carry" within its regulations. When construing regulations, we "give effect to the natural and plain meaning of the words." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). When determining the plain meaning, we look to the relevant dictionaries, such as Black's Law Dictionary, which defines "carry" as "[t]o convey or transport." *Carry*, Black's Law Dictionary (11th ed. 2019). When a person receives flight instruction, that person is present in the aircraft. While in the aircraft, the person receiving flight instruction is being "convey[ed] or transport[ed]" by the pilot who is giving the instructions. *Id.* Thus, a pilot giving flight instructions is carrying the student for the purpose of the regulation.

Further, as the FAA points out, other regulations that address operation of aircraft for compensation or hire have included

exemptions for flight instruction. *See* 14 C.F.R. § 91.327; 14 C.F.R. § 119.1(e)(1). Thus, had the FAA wanted to exempt flight instruction from 14 C.F.R. § 91.315, it could have explicitly done so.

Warbird also argues that the FAA's interpretation of 14 C.F.R. § 91.315 has changed and is not entitled to any deference. Because we conclude that the regulation is unambiguous and covers Warbird's conduct (Warbird does not contest the ALJs underlying factual determinations), we need not address Warbird's remaining arguments about the FAA's interpretation of this regulation. *See Palm Beach Cnty. v. FAA*, 53 F.4th 1318, 1330 (11th Cir. 2022) ("[I]f we find [the FAA] regulations to be unambiguous, we needn't and won't defer to the FAA's view.").

## IV.

We find no reversible error in the agency's final decision finding that Warbird violated 14 C.F.R. § 91.315 and assessing a civil penalty of $5,500. Warbird's petition for review is **DENIED.**